UNITED STATES DISTRICT COURT

FOR THE CENTRAL DISTRICT OF CALIFORNIA

SOUTHERN DIVISION

| | |
|---|---|
| UNITED STATES OF AMERICA, | No. SA CR 18-00046-JLS |
| Plaintiff, | ORDER AUTHORIZING DELETION UNDER CIPA § 4 |
| v. | ORDER REGARDING PRESERVATION OF CLASSIFIED DOCUMENTS FOR APPEAL |
| JOHNNY PAUL TOURINO et al., | |
| Defendants. | |

PROTECTIVE ORDER PURSUANT TO CIPA SECTION 4 AND FEDERAL RULE OF

CRIMINAL PROCEDURE 16(d)

The matter is before the Court on the government's Classified Motion for a Protective Order Pursuant to Section 4 of the Classified Information Procedures Act ("CIPA") and Rule 16(d) of the Federal Rules of Criminal Procedure concerning the deletion of certain information to be provided in discovery.[1]  By its motion, the government requests that the Court, pursuant to CIPA, Fed. R. Crim. P. 16(d)(1), and the applicable law: (1) conduct an ex parte, in camera review of the government's submission; (2) authorize the

---

[1] In this context, as used in CIPA § 4, to "delete" classified documents simply means to withhold from discovery.

1 | government to withhold specified classified information from

2 | discovery; and (3) order that the entire text of the government's

3 | motion and accompanying exhibits shall not be disclosed to the

4 | defense and shall be sealed and preserved in the records of the Court

5 | to be made available for any future review of these proceedings.

6 | The Court has carefully reviewed the government's Motion in

7 | light of established discovery obligations pursuant to Federal Rule

8 | of Criminal Procedure 16, and Brady v. Maryland, 373 U.S. 83 (1963),

9 | Giglio v. United States, 405 U.S. 150 (1972), and their progeny.

10 | Having Considered the government's Motion, the exhibits filed

11 | therewith, and the entire record in this case, the Court **GRANTS** the

12 | government's Motion for an Order permitting deletion of certain

13 | classified information from discovery.

14 | The Court finds that the government's Motion for an

15 | Order permitting deletion of the classified information to be

16 | provided in discovery was properly filed ex parte and in camera for

17 | this Court's review, pursuant to CIPA § 4 and Fed. R. Crim. P.

18 | 16(d)(1).  The Court has conducted an ex parte, in camera review of

19 | the government's classified motion, memorandum of law, original

20 | classified documents, and other materials filed with the government's

21 | motion.

22 | The government, through the appropriate declaration, has made a

23 | sufficient formal claim of privilege over the classified information

24 | at issue, and has demonstrated that this information is properly

25 | classified.  *See* United States v. Klimavicius-Viloria, 144 F.3d 1249,

26 | 1261 (9th Cir. 1991).

27 | With its Motion, the government presented documents to be

28 | deleted from discovery because they are not relevant, not helpful to

1  the defense and/or are duplicative of discovery previously provided

2  to the defense.  Much of the material involves information that has

3  already been produced in discovery. Such duplicate materials are not

4  themselves relevant and helpful to the defense.  *See Klimavicius*, 144

5  F.3d at 1261 (evidence is "relevant and helpful" within the meaning

6  of CIPA § 4 where "there is a reasonable probability that, had the

7  evidence been disclosed to the defense, the result of the proceeding

8  would have been different").   The remainder of the materials are

9  likewise not relevant or helpful to the defense.

10      Because the information in the classified documents is not

11  relevant and helpful to the defense, the Court need not balance the

12  government's national security interest against the defense interest

13  in access to the material.  However, if such a balancing were

14  required, the Court would conclude that the government's national

15  security interest in protecting the classified information,

16  disclosure of which at this time may reasonably be expected to cause

17  serious damage to the national security of the United States,

18  outweighs any defense interest in obtaining the information, and the

19  government may delete from discovery the documents described in its

20  Motion.

21      **THEREFORE, IT IS HEREBY ORDERED** that the Government's Motion,

22  and the exhibits attached thereto shall remain under seal and shall

23  be preserved in the records of the Court and made available to the

24  appellate court in the event of an appeal.  (*See* CIPA § 4, 18 U.S.C.

25  app. 3, § 4 ("If the court enters an order granting relief following

26  such an ex parte showing, the entire text of the statement of the

27  United States shall be sealed and preserved in the records of the

28  court to be made available to the appellate court in the event of an

3

1 appeal.").)   Except to the extent certain information has already

2 been produced to the defense, the Government's Motion and its

3 exhibits shall not be disclosed to Defendant or his counsel.

4      However, this Order shall be filed publicly and thus made

5 available on the docket to defense counsel.  *See United States v.*

6 *Gurolla*, 333 F.3d 944, 951 n.7 (9th Cir. 2003)("We note that it is

7 essential that the prosecution and the defense, and especially the

8 latter, be advised that the district court has made a ruling

9 protecting classified information from disclosure, so that the order

10 may be challenged on appeal.")

11

 DATED:   October 26, 2022

12
                                   _____
                                   THE HONORABLE JOSEPHINE L. STATON
13                                 United States District Judge

14

15

16

17

18

19

20

21

22

23

24

25

26

27

28